IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN H. HAMILTON, SR. | § | CASE NO. 10-35770 |
| DEBTOR | § | (Chapter 7) |
| | § | |
| _____ | § | |
| Pennbridge Capital, LLC, | § | |
| Plaintiff | § | ADV. PRO. NO._____ |
| | § | |
| V. | § | |
| John H. Hamilton, Sr., | § | |
| Defendant | § | |

**COMPLAINT TO DETERMINE
DISCHARGEABILTY OF DEBT PURSUANT TO 11 U.S.C. §523(a)**

Plaintiff, Pennbridge Capital, LLC, files its Complaint to Determine Dischargeability of

Debt Pursuant to 11 U.S.C. §523(a) and would respectfully show the following:

**PARTIES, JURISDICTION AND VENUE**

1.      The Plaintiff is Pennbridge Capital, LLC.

2.      Defendant is an adult who resides in the Southern District of Texas, Houston

Division.  Defendant is a Chapter 7 debtor before this court having filed the above numbered and

styled bankruptcy case on July 6, 2010.  He may be served with process at P.O. Box 115,

Simonton, TX 77476.

3.      This Court has jurisdiction over this matter under 28 U.S.C. 1334 and 11 U.S.C.

§523. This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2)(I).  This action

is brought under *Fed. R. Bankr. P.* 4007 and 7001, *et seq.*

4.      Venue is proper in this district pursuant to 28 U.S.C. §1409.

## STATEMENT OF FACTS

5.      Defendant's debt to Pennbridge Capital, LLC arises out of a real estate transaction in 2006.  In 2006 a group of entities ("Pennbridge Predecessor Entities") purchased a shopping center from a company called Silver Lake Road, LP ("Silver Lake").  Defendant was the General Manager of Silver Lake's general partner and in that position controlled Silver Lake and directed all of its activities.  Upon information and belief, Defendant also either directly or indirectly owned or controlled a majority ownership interest in Silver Lake, its general partner and one or more of its limited partners.  As such, Defendant had a substantial financial interest in assuring that the sale closed.

6.      To further facilitate the sale of the Shopping Center Silver Lake executed a Seller Guaranty and established Escrow Accounts in favor of the Pennbridge Predecessor Entities.  The Escrow Accounts were intended to ensure to the Pennbridge Predecessor Entities a certain level of cash flow from operation of the shopping center.  Defendant also executed a guaranty of lease (the "Hamilton Guaranty") on the obligations of a tenant known as Rocket City.

7.      While the sale of the shopping center property was pending, one of the major tenants in the shopping center defaulted on its lease.  The lender that was to provide financing on the sale said that it would not fund the loan if that space were not under lease with a paying tenant.  Shortly thereafter, Silver Lake entered into a new lease with a new tenant, Unclaimed-Orchard, LP (which operated a store called "Unclaimed Freight and Closeouts"), and the sale of the shopping center closed.

8.      Not long after the sale closed, however, Unclaimed-Orchard, LP defaulted on its lease.  Upon investigation, the Pennbridge Predecessor Entities learned that Unclaimed-Orchard, LP was a sham organization formed by Defendant or agents or employees of Defendant or of his

business organizations for the sole purpose of executing a lease with Silver Lake so that the sale of the shopping center could close.  Unclaimed-Orchard, LP was never intended to actually fulfill its obligations under its lease with Silver Lake for the entire term of the lease.  Rather it was formed for the sole purpose of satisfying the lender's requirement for a tenant in that space before the lender would fund the sale.  The formation of Unclaimed-Orchard, LP was fraudulent, and the lease between Unclaimed-Orchard, LP and Silver Lake was also fraudulent.  In the absence of that fraudulent lease, the Pennbridge Predecessor Entities would not have purchased the shopping center and the sale of the shopping center would not have closed.

9.       Disputes quickly arose between the Pennbridge Predecessor Entities, on the one hand, and Silver Lake and Defendant, on the other hand, concerning replenishment of the Escrow Accounts and the guaranties.  Those disputes lead to the execution of an Escrow Termination and Release Agreement among the parties.  The releases in that agreement, from the Pennbridge Predecessor Entities to Defendant were predicated upon Defendant's payment of $540,000 in equal monthly installments of $45,000.  Defendant never made the first payment, so the releases were ineffectual.

10.      The Pennbridge Predecessor Entities sued Silver Lake and Defendant and obtained a judgment against both.  The Pennbridge Predecessor Entities then assigned all of their right, title and interest in and to that judgment to Pennbridge Capital, LLC.  That judgment against Defendant forms the basis of the liquidated debt owed by Defendant to Pennbridge Capital, LLC, and upon which Pennbridge Capital LLC bases its claim in the Defendant's bankruptcy case.  But for Defendant's fraudulent representation of Unclaimed-Orchard, LP as a legitimate business and of the lease between Silver Lake and Unclaimed-Orchard, LP as a legitimate, arms-length lease with a third party tenant, the Pennbridge Predecessor Entities would

not have purchased the shopping center, the lender would not have funded the sale, and Defendant would not today be indebted to Pennbridge Capital, LLC.

### Claim 1 - 11 U.S.C. §523(a)(2)(A)

11.     Defendant, individually and through entities that he owned or controlled, obtained money and property through false pretense, false representation or actual fraud.

12.     The Pennbridge Predecessor Entities relied upon the sham lease executed by the sham entity, Unclaimed-Orchard, LP, in making its decision to buy the shopping center. Through his control of Silver Lake and related entities, and by his participation in the shopping center sale transaction, Defendant is responsible for the false pretense, false representation and actual fraud perpetrated against the Pennbridge Predecessor Entities.   Defendant's debt to Pennbridge Capital, LLC arises from Defendant's fraudulent conduct.   Accordingly, Defendant should be denied a discharge of the Plaintiff's debt pursuant to the provisions of section 523(a)(2)(A) of the Bankruptcy Code.

### Claim 2 - 11 U.S.C.§523(A)(6)

13.     The Defendant committed willful and malicious injury to another entity or property of another entity.

14.     Defendant's obtaining the sale of the shopping center by means of fraud constitutes a willful and malicious injury to the Pennbridge Predecessor Entities' interest in the shopping center.   The value of the center to the Pennbridge Predecessor Entities was substantially less than that represented by Defendant.  This injury to the Pennbridge Predecessor Entities' property right and interest was done by Defendant willfully and with malice. Accordingly, Defendant should be denied a discharge of the Plaintiff's debt pursuant to the provisions of section 523(a)(6) of the Bankruptcy Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Pennbridge Capital, LLC, prays that the debt owed to Plaintiff by Defendant be determined non-dischargeable and that Plaintiff be granted such other and further relief as the Court deems just.

Dated: January 31, 2011.

Respectfully submitted,

**DOW GOLUB REMELS & BEVERLY LLP**

/s/ Kenneth H. Holt
KENNETH H. HOLT
SDTX No. 22589
8 Greenway Plaza, 14TH FL
Houston, Texas 77046
Telephone: (713) 526-3700
Facsimile: (713) 526-3750

**ATTORNEY FOR PENNBRIDGE
CAPITAL, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I, Kenneth H. Holt hereby certify that a true and correct copy of the foregoing Notice of Appearance Under Bankruptcy Rule 9010(b) Combined with Request for all Copies Pursuant to Bankruptcy Rule 2002(a) and (b) has been served upon the parties listed below by first class mail, postage prepaid, or electronic transmission on the 31st day of January, 2011.


**DEBTOR:**                                   ***<u>Via First Class Mail</u>***
John H. Hamilton, Sr.
P.O. Box 115
Simonton, Texas 77479

**DEBTOR'S COUNSEL:**          ***<u>Via Email: calvinbraun@orlandobraun.com</u>***
Calvin C. Braun
Orlando & Braun, LLP
3401 Allen Parkway, Suite 101
Houston, Texas 77019

**U.S. TRUSTEE:**                          ***<u>Via Email: Stephen.statham@usdoj.gov</u>***
Stephen Douglas Statham
U.S. Trustee
Bob Casey Federal Building
515 Rusk, 3rd Floor, Suite 3516
Houston, Texas 77002

                    /s/ Kenneth H. Holt
                    Kenneth H. Holt